**In re MURRAY et al.**

**Patent Appeal No. 2601.**

Court of Customs and Patent Appeals.

Feb. 11, 1931.

Milans & Milans, of Washington D. C. (Usina & Rauber, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The application on appeal relates to the production of vehicle wheels, and has reference to a disc wheel made by fusing the disc by pressure "exerted simultaneously around the entire circumference" to the shoulder of the rim, which, the applicant contends, is a new manner of welding discs of this type and has certain distinct advantages over the prior art. The particular description of appellant's disclosure is sufficiently set out in the claims and by the decision of the tribunals below.

Claims 10 and 11, which are regarded as illustrative, follow:

"10. A wheel having an annular part with an inward projection, which projection has a face transverse to the axis of the wheel, and having a part lying in a position transverse to the axis and welded to said transverse face of the projection, the parts being fused together along a transverse meeting plane.

"11. A wheel having an annular part with an inward projection having a face transverse to the axis and a part lying in a position transverse to the axis and having a flange on its outer edge which is welded to said transverse face of the projection, the parts being fused together along a transverse meeting plane."

Upon appeal from the Examiner to the Board of Appeals, the claims were six in number, from 10 to 15, inclusive. They were all rejected by the Examiner on the references Charter, No. 1,361,227, December 7, 1920, and Wagenhorst, No. 1,509,382, September 23 1924. The Board of Appeals concluded that the Examiner's action was proper except as to claim 14, which was not disclosed by the references, and which claim the Board allowed, and stated that, as to claims 10, 11,

12, 13, and 15, the Charter reference was the "more pertinent."

Appellant in this court has pointed out the particulars in which he claims that his disclosure differs from the prior art. It is obvious from a reading of the decision of the Board of Appeals that these differences were fully appreciated, but it was the view of the Board that they did not constitute patentable invention. With this conclusion we agree. The decision of the Board of Appeals is affirmed.

Affirmed.